UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLEOTHUS PRICE (#398352)** | **CIVIL ACTION** |
| **VERSUS** | |
| | **19-708-JWD-RLB** |
| **BRENT THOMPSON, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 3, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLEOTHUS PRICE (#398352)                                CIVIL ACTION

VERSUS

                                                         19-708-JWD-RLB

BRENT THOMPSON, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Karla Williams, Brent Thompson, and Luke Rheams, complaining that his constitutional rights were violated when defendant Williams labeled him as a snitch, and in conjunction with the associated disciplinary proceedings.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a

claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, as amended, the plaintiff alleges that on July 23, 2019 defendant Williams falsely accused the plaintiff of reporting to her that he had given a correctional officer money so that the officer would provide him with a cellphone. Defendant Williams then placed the plaintiff in administrative segregation pending an investigation. The plaintiff believes that his life is now in danger since other inmates have seen the paperwork labeling him as a confidential informant and therefore began a hunger strike in order to protect himself. The plaintiff was ultimately found guilty of violating Rule 30I, which prohibits the giving of valuables to an employee, and was sentenced to a custody change and six weeks loss of phone privileges.

The plaintiff's Complaint fails to state a claim cognizable in this Court. First, with regards to the disciplinary report issued by defendant Williams, a claim regarding the issuance of a false disciplinary report, without more, fails to state a claim of federal constitutional dimension cognizable under 42 U.S.C. § 1983. Specifically, the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone

amount to a constitutional violation. *See Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations"). Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).

Additionally, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation"). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an

inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff does not allege that he was sentenced to any punishment which would amount to disciplinary action that infringes upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment. Placement in extended lockdown is generally not sufficiently atypical or such a significant hardship to state a claim of constitutional dimensions. *Hanna v. Maxwell,* 415 F. App'x. 533, 536–37 (5th Cir. 2011); *Fisher v. Wilson,* 74 F. App'x. 301, 302 (5th Cir. 2003); *Bannister v. Deville,* 211 F.3d 593 (5th

Cir. 2000). As such, the plaintiff's allegations regarding his disciplinary proceedings fail to state a claim upon which relief can be granted.

To the extent the plaintiff's allegations may be interpreted as asserting a claim that the defendants failed to protect him from harm, specifically when defendant Williams labeled him as an informant and when the other defendants failed to take appropriate action after being informed of defendant Williams' alleged wrongdoing. These allegations, however, without more, are not sufficient to establish liability in connection with this claim. Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from threats of harm or violence at the hands of other inmates. *Johnston v. Lucas,* 786 F.2d 1254, 1259 (5th Cir.1986); *Jones v. Diamond,* 636 F.2d 1364, 1373 (5th Cir.1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v.. Brennan,* 511 U.S. 825, 832 (1994). However, in order for there to be liability in connection with this cause of action, there must have existed an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. *Johnston v. Lucas, supra,* 786 F.2d at 1259. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Farmer v. Brennan, supra,* 511 U.S. at 837 (noting that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon,* 474 U.S. 344, 347–48 (1986). The courts have concluded, however, that the Eighth Amendment duty to protect inmates from harm can be violated when a prison official

acts with deliberate indifference by exposing a prisoner to physical assault through labeling the inmate a "snitch" to other inmates. *See Schreane v.. Beemon,* 575 F. App'x. 486, 492 (5th Cir. 2014) , *citing Adames v. Perez,* 331 F.3d 508, 515 (5th Cir. 2003).

In the instant case, applying the foregoing standard, the Court finds that the plaintiff's claim fails as a matter of law because the plaintiff has failed to allege that he sustained any harm or injury as a result of the defendants' actions. Numerous cases have addressed this issue in this context and have concluded that the dismissal of an inmate's failure-to-protect claim is warranted, even as frivolous, when no harm or injury has been suffered as a result of the defendants' conduct. *See Walzier v. McMullen,* 333 Fed. Appx. 848, 851 (5th Cir. 2009) (upholding summary judgment in favor of the defendants where there was no proof of any harm and, "[a]bsent a showing that other inmates harmed [the plaintiff], there is no factual basis for a failure to protect claim"); *Castellano v. Treon,* 79 Fed. Appx. 6, 7 (5th Cir. 2003) (upholding the dismissal of an inmate's failure-to-protect claim as frivolous where the plaintiff conceded that "he suffered no actual physical injury resulting from the prison officials' purported failure to protect"); *Wilson v. King,* 2015 WL 1427479, \*6 (S.D. Miss. Mar. 27, 2015) (dismissal as frivolous where the inmate plaintiff "admit[ted] that he suffered no physical injury"); *Lilly v. Webb,* 2008 WL 5412374, \*4 (E.D. Tex. Dec. 29, 2008) (dismissal after an evidentiary hearing where the inmate plaintiff did not "indicate that he suffered any harm"); *White v. Fox,* 2005 WL 2218142, \*6 (E.D. Tex. Sept. 12, 2005) (dismissal after a preliminary evidentiary hearing where the inmate plaintiff "conceded that no harm came to him as a result [of being labeled a snitch]"), *reversed on other grounds,* 294 Fed. Appx. 955 (5th Cir. 2008).

In the instant case, the plaintiff makes no allegation that he suffered any injury or harm as a result of the defendants' actions. Further, the plaintiff does not allege that he has requested

protective custody from the defendants, or that he has since been harassed or threatened with harm by co-inmates. The plaintiff alleges only that he believes he may be attacked. Accordingly, the plaintiff's claim relative to the defendants' alleged failure to protect him from harm is without merit and should be dismissed.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on February 3, 2020.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."